[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 25, 2005
THOMAS K. KAHN
CLERK

No. 04-15017
Non-Argument Calendar
_____

BIA No. A23-161-215

JUAN JOSE REGO VALDES,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of an Order of
the Board of Immigration Appeals
_____

(April 25, 2005)

Before CARNES, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Juan Jose Rego Valdes ("Valdes-Rego"), proceeding pro se, seeks review of

the Board of Immigration Appeals's ("BIA's") August 31, 2004, order affirming

the immigration judge's ("IJ's") decision that Valdes-Rego's mother did not meet

the statutory prerequisites for transmitting her United States citizenship to Valdes-Rego.[1]

On appeal, Valdes-Rego argues that he is a United States citizen rather than an alien. He also claims that the IJ's refusal to apply the constructive physical presence doctrine violated the Equal Protection clause. We note that although Valdes-Rego was found deportable because of his criminal offenses and INA § 242(a)(2)(C) would normally limit our review, we retain jurisdiction to consider the issues that Valdes-Rego has raised. *See Brooks v. Ashcroft*, 283 F.3d 1268, 1272 (11th Cir. 2002) (noting that we have jurisdiction to review the "threshold issue of whether [p]etitioner is an alien.").

I. Transmission of Citizenship

Valdes-Rego first argues that case law indicates that an exception to the INA's physical presence requirement should be applied when a United States official prevents an applicant from meeting those requirements. Valdes-Rego argues that the "statute's spirit" would be frustrated if his mother's citizenship was not transferred to him, because his mother repeatedly but unsuccessfully attempted to register him as a foreign-born United States citizen.

---

[1] Because Valdes-Rego's immigration proceedings commenced after April 1, 1997, the permanent rules of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104-208, 110 Stat. 3009 (1996) ("IIRIRA"), govern his petition for review.

The statute detailing judicial review of immigration decisions states that if the court of appeals "finds from the pleadings and affidavits that no genuine issue of material fact about the petitioner's nationality is presented, the court shall decide the nationality claim." INA § 242(b)(5)(A), 8 U.S.C. § 1252(b)(5)(A).

To determine Valdes-Rego's citizenship, we look to the applicable law in effect at the time of his birth. *Tullius v. Albright*, 240 F.3d 1317, 1320 (11th Cir. 2001). In 1970, when Valdes-Rego was born, 8 U.S.C. § 1401(a)(7) provided that:

> [A] person born outside the geographical limits of the United States and its outlying possessions of parents one of whom is an alien, and the other a citizen of the United States who, prior to the birth of such person, was physically present in the United States or its outlying possessions for a period or periods totaling not less than ten years, at least five of which were after attaining the age of fourteen years . . .

was a national and citizen of the United States. 8 U.S.C. § 1401(a)(7) (1970).[2] In addition, 8 U.S.C. § 1401(a)(7) explicitly sets forth two physical presence requirement exceptions: (1) for a period of honorable service in the armed forces, or (2) for employment with the United States government. *Id*.

In *Tullius*, we considered a situation where an appellant sought declaratory judgment of United States citizenship. 240 F.3d at 1318. In that case, the

---

[2] This provision, as amended, is now codified at 8 U.S.C. § 1401(g).

appellant contended that his father had transmitted United States citizenship to him, even though both parties agreed that the appellant's father had not satisfied the physical presence requirements set forth in the statute. *Id.* at 1319-20. The appellant argued that a constructive physical presence doctrine should apply in transmission cases when a citizen is prevented from satisfying the physical presence requirement because of circumstances beyond his control. *Id.* at 1320. We held, however, that "the plain meaning of 8 U.S.C. § 1401(a)(7) prevents this interpretation." *Id.* We reasoned that "the existence of . . . two articulated exceptions to the physical presence requirements undermine[d] [the] appellant's argument that this Court should add a third 'circumstances beyond control' exception." *Id.* at 1321.

In the instant case, the record indicates that Valdes-Rego's mother relocated to Cuba in 1955, at the age of seven, and returned to the United States in 1980. Accordingly, when Valdes-Rego was born in 1970, his mother had not satisfied the physical presence requirement set forth in § 1401(a)(7). In drafting 8 U.S.C. § 1401(a)(7), Congress clearly intended to include two exceptions to the physical presence requirement, to be applied when: (1) an individual serves in the armed forces, and (2) an individual is employed by the United States government. *See* 8 U.S.C. § 1401(a)(7)(1970). The record contains no evidence suggesting that

4

Valdes-Rego's mother fell within either of these exceptions.

Despite Valdes-Rego's allegations, the record contains no objective evidence suggesting that United States officials prevented his mother from returning to the United States and fulfilling the physical presence requirement. Moreover, even if he had submitted such evidence, the applicable version of the statute does not explicitly provide for an exception for individuals who were prevented from returning to the United States because of misconduct by a United States official. *See* 8 U.S.C. § 1401(a)(7)(1970). Finally, we held that "the doctrine of constructive physical presence does not apply to the physical presence requirement for transmission of United States citizenship under 8 U.S.C. § 1401(a)(7)." *See Tullius*, 240 F.3d at 1321. Accordingly, we deny Valdes-Rego's petition as to this issue.

II. Equal Protection Claim

Valdes-Rego next argues on appeal that our current case law, as set forth in *Tullius*, violates the Equal Protection clause, as it sets forth a distinction that is unrelated to any legitimate governmental interest. He maintains that because he has been stripped of a fundamental right to citizenship, his claim should be examined under a strict scrutiny standard. Further, Valdes-Rego claims that there should be no distinction between the doctrines applied in citizenship transmission

5

cases and in citizenship retention cases, and asserts that the application of the constructive physical presence doctrine in retention cases but not in transmission cases is completely arbitrary and unreasonable, and thus, does not pass muster under an ordinary scrutiny standard. Furthermore, he contends, the distinction does not pass muster under a strict scrutiny standard, as the distinction is not necessary to promote a compelling governmental interest.

We review constitutional challenges *de novo*. *Lonyem v. U.S. Attorney Gen*., 352 F.3d 1338, 1341 (11th Cir. 2003). The Supreme Court stated in *Mathews v. Diaz*, 426 U.S. 67, 82, 96 S. Ct. 1883, 1892 (1976), that "decisions made by the Congress or the President in the area of immigration and naturalization" are subject to "a narrow standard of review" that is equivalent to rational basis scrutiny. Furthermore, we have noted that, "[b]ecause federal authority over aliens is plenary, federal classifications that distinguish among groups of aliens are subject to relaxed scrutiny under the rational basis standard of review, and are valid unless 'arbitrary or unreasonable.'" *Fernandez-Bernal v. U.S. Attorney Gen.,* 257 F.3d 1304, 1312 (11th Cir. 2001). We explained that, "[a]ccording to the rational basis standard, such classifications 'must be reasonable, not arbitrary, and must rest upon some ground of difference having a fair and substantial relation to the object of the legislation, so that all persons

similarly circumstanced shall be treated alike.'" *Id*.

Valdes-Rego's claim that his equal protection rights have been violated because the constructive physical presence doctrine does not apply in transmission of citizenship cases must fail. There is a rational basis for Congress's distinction between situations where an individual seeks to retain their United States citizenship and situations where citizenship is transferred to foreign-born children of United States citizens. Accordingly, Valdes-Rego's equal protection rights were not violated by the IJ's refusal to extend the doctrine of constructive physical presence to cover situations arising under 8 U.S.C. § 1401(a)(7), and we, therefore, deny Valdes-Rego's petition as to this issue.

**PETITION DENIED.**